JONES, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 2, 1907.

RAILROADS: Practice: Instruction on Fact Not Disputed. In an action against a railroad company for killing plaintiff's colt, reversible error was not committed by the trial court in failing to submit to the jury the issue of whether the colt was killed in the township in which the suit was brought or in an adjoining township, where the evidence was conclusive that it was killed in an adjoining township, and no instruction was asked by the defendant on that point.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

L. F. Parker and Moses Whybark for appellants.

W. W. Corbett for respondent.

GOODE, J.—This action was instituted before a justice of the peace to recover double damages for the loss of a colt belonging to plaintiff and killed by one of defendant's engines. The colt is alleged to have gone on defendant's railroad on account of the defective fences along the right of way and an insufficient cattle-guard. The evidence supported this statement. It was shown that on account of a bad cattle-guard the colt was enabled to get within the enclosed right of way where it was struck and killed. The case was quite fully instructed and, we think, correctly. All the charges to the jury asked by defendant were given, except one directing a verdict in its favor. Practically the only complaint of the court's ruling is that the question of whether the colt was killed in the township where the suit was originally instituted before the justice of the peace, or in an adjoining township, was not left to the jury. The evidence is conclusive that the animal was killed in an adjacent township. This was shown by the testimony of witnesses, speaking without objection, of the general repute on the subject, by the positive testimony of the clerk of the county and by a map prepared by the county surveyor. There was no evidence to the contrary and it does not appear to us that the judgment ought to be reversed because the court did not make an issue on that matter for the jury, particularly as the defendant requested no instructions on the subject, but in the instructions tendered by it, raised issues only as to whether there were proper fences and cattle-guards where the animal entered the right of way and whether or not it was killed by being struck by a locomotive.

The judgment is affirmed. All concur.